# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ROBERT G. VIDRINE** | **CIVIL ACTION NO. 08-0213** |
| **MARGARET W. VIDRINE** | |
| | **JUDGE HAIK** |
| **VS.** | |
| | **MAGISTRATE JUDGE METHVIN** |
| **BAUSCH & LOMB, INC.** | |

## RULING ON MOTION TO COMPEL
### *(Rec. Doc. 69)*

Before the court is plaintiffs' motion to compel the production of a complete copy of the environmental survey or inspection undertaken as part of the fusarium investigation of the Bausch & Lomb Greenville, south Carolina production facility. (Rec. Doc. 69). The motion is opposed by defendant Bausch & Lomb. (Rec. Doc. 77). Plaintiffs filed a reply on July 20, 2009. (Rec. Doc. 53). The discovery deadline is set for August 21, 2009. The trial of the matter is set for October 19, 2009.

### *Factual and Procedural Background*

Plaintiffs allege that Mr. Vidrine developed *Fusarium* keratitis in the cornea of his left eye as a result of using Boston Simplus™ contact lens solution manufactured by defendant. The infection allegedly resulted in the loss of Mr. Vidrine's eye for which plaintiffs seek damages.

### *Motion to Compel*

In addition to Boston Simplus, defendant manufactures other contact lens solutions, including the ReNu® contact lens solution known as Moisture Loc.

During the period 2004-2006 an outbreak of *Fusarium* infections occurred in contact lens wearers.[1] Because certain evidence linked Moisture Loc to the *Fusarium* infections, the Centers for Disease Control conducted a case study. The CDC determined that Moisture Loc was associated with an increased risk of *Fusarium* infection. In conjunction with the Moisture Loc *Fusarium* investigation an environmental survey was made of Bausch & Lomb's Greenville, South Carolina production facility. Boston Simplus and other Bausch & Lomb contact lens solutions are also manufactured at the Greenville site.

On October 31, 2008, plaintiffs served defendant with their second request for production of documents. Request No. 5 seeks a:

> [c]omplete copy of the environmental survey or inspection undertaken as part of the fusarium investigation for the Greenville plant as referred to by Jennifer Murray in her deposition specifically as it related to the Simplus MedTach report.

Plaintiffs do not limit their document requests to Boston Simplus documents. In a June 15 email to defense counsel, plaintiffs' counsel lists the documents it is specifically requesting:

> Thank you for providing this document but we still believe there are additional documents that have not been produced regarding the plant inspection i.e. unredacted FDA 483 letters and responses; email regarding the inspection and environmental investigation; internal memoranda etc.,. Having had exposure to this complete investigation in the other litigation I think B&L's limited production is clearly incomplete.[2]

Plaintiffs contend that the documents created during the general Moisture Loc *Fusarium* investigation are relevant to show Bausch and Lomb's knowledge about the effect of heat on the

---

[1] Rec. Doc. 77, p. 3.

[2] Rec. Doc. 77-2, p. 7.

biocidal efficacy of its contact lens solutions and the fact that Bausch & Lomb did not store or ship any of its contact lens solution in a refrigerated condition.

Defendant contends that plaintiffs are seeking to extend the ongoing mass tort litigation involving Moisture Loc, in which plaintiffs' counsel is also involved, to include Boston Simplus. Defendant asserts that plaintiffs should not be allowed to "bend the Federal Rules of Civil Procedure and intertwine the issues in this case with those in an unrelated series of cases involving a completely unrelated Bausch and Lomb product."[3]

### *Analysis*

The sole issue presented is whether the documents at issue are relevant to this case.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information[, however,] need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

For purposes of discovery, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Discovery under Rule 26, however, is not without limits. A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2).

---

[3] Rec. Doc. 77, p. 2.

Here, plaintiffs contend that the effect of heat on the biocidal efficacy of Boston Simplus is an important issue, and that the solution at issue in this case may have been compromised due to heat. Plaintiffs believe that the requested documents will show that defendant knew that heat would impair the biocidal efficacy of the solution but took no efforts to ensure that any of its product was stored or shipped in a refrigerated condition to maintain "room temperature."

The undersigned concludes that the issue of whether there is commonality between the two solutions and their handling is one which must be resolved by the trier of fact. Accordingly, the documents in dispute are relevant to the causation inquiry, *i.e.* whether the Boston Simplus solution was stored and transported improperly leading to the growth of *Fusarium* in plaintiff's contact cause and the ultimate loss of his eye.

Plaintiffs argue in a conclusory fashion that they will be prejudiced if this discovery is allowed because the mass tort litigation will become entwined in this litigation. However, again, that is an issue of admissibility to be determined at trial and does not bear on whether the documents should be discovered. The undersigned finds this argument lacks merit.

Finally, defendants argue that plaintiffs' request for production is not sufficiently particularized. The email exchange between the parties' counsel specifically discusses the exact documents at issue and shows that defendant denied the request. In fact, defendants opposition as well makes it quite clear that it knows which documents are at issue. Thus, I find that to require plaintiffs to propound discovery again is a needless expense and not necessary, particularly in light of the fact that the trial of the matter is set for October 19, 2009.

Accordingly,

5

**IT IS HEREBY ORDERED** that defendant shall provide the requested documents to plaintiff **on or before August 14, 2009.** Specifically, defendant is to produce the documents discussed in the June 15 email between opposing counsel, *to wit*, "documents that have not been produced regarding the plant inspection i.e. unredacted FDA 483 letters and responses; email regarding the inspection and environmental investigation; internal memoranda etc."

Signed at Lafayette, Louisiana, on July 27, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)